IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELISSA D. V.,[1]

    Plaintiff,

v.   No. 1:21-cv-00213-LF

FRANK BISIGNANO,[2] Commissioner
of the Social Security Administration,

    Defendant.

### ORDER GRANTING MOTION FOR ATTORNEY'S FEES
### PURSUANT TO 42 U.S.C. § 406(b)

THIS MATTER comes before the Court on plaintiff Melissa Deanne Vigil's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum, filed on July 18, 2025.  Doc. 29.  The Commissioner took no position on the fee petition.  Doc. 31 at 1.  Having reviewed the briefing, the record, and the applicable case law, and being otherwise fully advised in the premises, I find the motion well-taken and therefore GRANT it.

**I.      Procedural History**

In 2018, Ms. Vigil filed an application for Disability Insurance Benefits ("DIB"), alleging disability since June 1, 2016.  AR 75.  The Social Security Administration denied her claims initially on April 16, 2018, AR 110, and on reconsideration on January 3, 2019, AR 115.  Ms. Vigil requested a hearing before an Administrative Law Judge, and ALJ Michael Leppala held a hearing on September 3, 2019.  AR 36–74.  ALJ Leppala issued an unfavorable decision on May

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] Frank Bisignano became the Commissioner of the Social Security Administration on May 7, 2025, and is automatically substituted as the defendant in this action.  FED. R. CIV. P. 25(d).

5, 2020.  AR 16–29.  Ms. Vigil requested review by the Appeals Council, which denied her request on January 20, 2021, AR 1, thus making ALJ Leppala's decision final, *see* 20 C.F.R. § 404.984(a).

Ms. Vigil timely filed her appeal to this Court on March 11, 2021.  Doc. 1.  In response to Ms. Vigil's September 13, 2021, motion to reverse and remand, Doc. 18, the Commissioner filed an unopposed motion to remand for further proceedings, Doc. 22.  The Court granted the Commissioner's motion, Doc. 23, and entered final judgment in Ms. Vigil's favor, Doc. 24.  On March 1, 2022, Ms. Vigil filed an unopposed motion for attorney's fees under the Equal Access for Justice Act ("EAJA"), Doc. 25, and the Court granted that motion the same day, awarding Ms. Vigil $5,743.80 in attorney's fees under the EAJA, Doc. 26.

On remand, ALJ Jennifer Fellabaum issued a partially favorable decision on April 4, 2024.  Doc. 29-1 at 1–19.  On June 15, 2025, the Commissioner advised Ms. Vigil that $25,756.75 was being withheld from her past-due benefits, which totaled $103,027.00, to pay for attorney's fees.  *Id.* at 24.

Ms. Vigil's attorney, Laura Johnson, now requests $15,756.75 in attorney's fees for legal services rendered before this Court under 42 U.S.C. § 406(b).  Doc. 29 at 2.

**II.    Standard**

Title 42, United States Code section 406(a) governs fees for representation at administrative proceedings, and § 406(b) governs fees for representation in court.  *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006).  "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court."  *Id.*  Attorneys representing Social Security claimants in court may seek fees for their work under both the

EAJA and under § 406(b). *Id.* at 497.[3] If, however, the Court awards both EAJA fees and § 406(b) fees, counsel must refund the smaller amount to the claimant. *Id.*

Under 42 U.S.C. § 406(b)(1),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

The 25% cap on fees applies only to fees for representation before this Court and is not an aggregate cap on all court-stage fees and agency-stage fees. *Culbertson v. Berryhill*, 586 U.S. 53, 59–60 (2019).

"The tenor of 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d

---

[3] The Tenth Circuit has explained:

> There are several differences between the two types of fees. For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits. *See* [*Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001)]; 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award. *See* 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits). Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust." 28 U.S.C. § 2412(d)(1)(A). SSA funds are not so conditioned. 42 U.S.C. § 406(b)(1).

*McGraw*, 450 F.3d at 497.

126, 128 (6th Cir. 1971). Traditionally, an award of attorney's fees is a matter within the sound discretion of the court. *Id*. "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the lodestar method of calculating attorney's fees for Social Security cases, "under which the number of hours reasonably devoted to each case was multiplied by the reasonable hourly fee." 535 U.S. 789, 798–99 (2002). The Supreme Court instead concluded that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id.* at 793. Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id*.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *See id*. at 808. Ultimately, plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). A court may require the plaintiff's attorney to submit a record of the hours spent

representing the plaintiff and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases. *Id*. at 808. The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

### III.     Analysis

First, the Court finds that Ms. Johnson requested § 406(b) fees within a reasonable time. The ALJ issued her partially favorable decision on April 4, 2024, Doc. 29-1 at 1–19, and on June 15, 2025, the Commissioner advised Ms. Vigil that $25,756.75 was being withheld from her past-due benefits for attorney's fees, *id.* at 24.[4] Ms. Johnson filed her fee motion on July 18, 2025. Doc. 29. The Court finds this to be filed within a reasonable time.

Second, the Court must determine whether the fee agreement meets the § 406(b)(1) guideline of not exceeding 25% of the past-due benefits. The Court finds that it does. Ms. Vigil signed a fee agreement on February 23, 2021, which states in part:

> If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by federal court in my case in which my attorney represented me, I agree to pay my attorney twenty-five percent (25%) of my and my family's past-due benefits. . . .
>
> I understand that the federal court may order the Social Security Administration to pay all or part of the attorney's fee and expenses, under a law named the Equal Access to Justice Act ("EAJA"). If an attorney's fee is awarded under the EAJA, this may lower the amount that I have to pay from my past-due benefits. In no event will the attorney's fee that I am obligated to pay out of past-due benefits be greater than 25% of the past-due benefits awarded.

---

[4] *See Harbert v. Astrue*, No. 6:06-cv-00090-SPS, 2010 WL 3238958, at *1 n.1 (E.D. Okla. Aug. 16, 2010) (holding that fee petition "should be filed within a reasonable time of the issuance of the notice of award"); *see also Early v. Astrue*, 295 F. App'x 916, 919 n.2 (10th Cir. 2008) (unpublished) (finding no error where district court assessed reasonableness from the date of the notice of award).

Doc. 29-1 at 30.

Third, having reviewed the particular facts of this case under the *Gisbrecht* factors, the Court finds Ms. Johnson's requested attorney's fees reasonable. Ms. Johnson obtained a partially favorable outcome for plaintiff, and she was not responsible for any appreciable delay in the resolution of the case. Ms. Johnson's fee request of $15,756.75 is not disproportionately large in comparison to the amount of time spent on the case, *see* Doc. 34-1 at 14–15 (25.1 hours, or $627.76 per hour), and is in line with other awards in this district under § 406(b). Thus, the Court's independent check finds the requested award to be both appropriate and reasonable.

**IT IS THEREFORE ORDERED** that the Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 29) is GRANTED. Ms. Johnson is awarded $15,756.75 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing plaintiff before this Court.

**IT IS FURTHER ORDERED** that counsel will refund to plaintiff the $5,743.80 in EAJA fees previously awarded in plaintiff's appeal.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent